UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

———————————————————————

I.E.C. on her own behalf and by and
through her Parent and Natural
Guardian, J.R.,                                    Civ. No. 12-2997 (MJD/LIB)

        Plaintiff,

v.                                                         **REPORT AND RECOMMENDATION**

Minneapolis Public Schools, SSD No. 1 et al,

        Defendants,

———————————————————————

      This matter came before the undersigned United States Magistrate Judge upon

Defendants the Minnesota Department of Education and Brenda Cassellius's motion to dismiss

and Plaintiff's motion for declaratory judgment. The motions were referred to the undersigned

Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local

Rule 72.1. The Court held a hearing on the motions on May 6, 2013. For the reasons discussed

below, the Court now recommends that Defendants' motion to dismiss be **GRANTED** and

Plaintiff's motion for declaratory judgment be **DENIED**.

**I.      BACKGROUND**

      I.E.C., on her own behalf and by her parent and natural Guardian, J.R. (Plaintiff) brought

this action against the Minneapolis Public Schools SSD No. 1 (the District), the Minnesota

Department of Education, and Brenda Cassellius, the Commissioner of the Minnesota

Department of Education (the State Defendants) seeking "declaratory and injunctive relief,

reversal of the administrative order denying an administrative hearing, [and] remanding the

matter back for an administrative hearing . . . ." (Compl. [Docket No. 1] at 1). The only three

claims asserted in the Complaint are: 1) Plaintiff was "denied access to the special education administrative hearing pursuant to the [Individuals with Disabilities Education Act (IDEA)] and Minn. Stat. § 125A.091" and the District failed to appropriately follow the IDEA; 2) "[t]he District and its representative in bad faith, with gross misjudgment or deliberate indifference deprived [Plaintiff] of her rights under Section 504 of the Rehabilitation Act"; and 3) a claim under § 1983 that the District and the State Defendants are violating Plaintiff's equal protection and due process rights under the Fourteenth Amendment. (Compl. ¶¶ 48-73).

Plaintiff alleges that she is a fifteen year-old female and a "resident of Minneapolis Public Schools." (Compl. ¶ 1). As early as the third grade, Plaintiff began experiencing difficulty in school and enrolled in private schools for the fifth and sixth grades. (Id. ¶ 7). Although Plaintiff returned to public school for the seventh grade, she continued to experience difficulties in the classroom. (Id. ¶¶ 7-8). Plaintiff alleges that throughout late 2009 and early 2010, her mother met with school officials to discuss Plaintiff's difficulties and attempt to obtain assistance, but her mother's efforts proved to be unsuccessful. (Id. ¶¶ 8-9). As a result of these discussions, Plaintiff's mother took steps for medical evaluations of Plaintiff and presented the results to school officials in early 2011. (Id. ¶¶ 11-13). Plaintiff's mother and school officials then resumed discussions regarding a potential Section 504 plan and Individualized Education Program (IEP) for Plaintiff and initially agreed to the implementation of a Section 504 plan. (Id. ¶¶ 14-16). Plaintiff alleges that the Section 504 plan was largely unsuccessful and that she continued to struggle. (Id. ¶¶ 17-20). For her ninth grade year, Plaintiff began attending Washburn High School but was later moved to South View Middle School in Edina, Minnesota in the hope that it would provide a better environment. (Id. ¶¶ 21-23). However, Plaintiff continued to struggle "[w]ithout an IEP or an effective Section 504 plan." (Id. ¶¶ 23-25).

On April 9, 2012, Plaintiff's mother filed a Complaint with the Minnesota Department of Education, which issued a final decision on May 22, 2012. (Id. ¶ 26). In June 2012, Plaintiff was placed in St. Cloud Children's Home, which is outside of the District. (Id. ¶¶ 30-32).

On June 11, 2012, Plaintiff filed a Complaint and Request for an Administrative Hearing under the IDEA, seeking a determination that the District failed to provide a free appropriate public education. (Id. ¶ 33). Upon the District's motion to dismiss the matter under Thompson v. Board of Spec. Sch. Dist. No.1, 144 F.3d 574 (8th Cir. 1998), a limited hearing was held on August 10, 2012, for the purpose of determining whether Plaintiff was provided with a notice of procedural safeguards before she left the District. (Id.) On August 17, 2012, the administrative law judge (ALJ) issued an order finding that Plaintiff had received a notice of procedural safeguards, and relying on Thompson, dismissed all of Plaintiff's claims on the basis that Plaintiff was not enrolled in the District at the time she requested a due process hearing:

> Student was given due and proper notice of her due process rights on two occasions, in early and later April 2012, prior to leaving the District at the end of May 2012. Student had nearly two months to make the due process hearing request. Student did not make a due process hearing request until after she left the District on June 11, 2012. Applying Thompson to these set of facts, Student's complaint against the District is dismissed.

(Docket No. 30, Ex. 4 at 6-7). Subsequently, Plaintiff filed a lawsuit before this Court appealing the ALJ's August 2012 decision. See I.E.C. v. Minneapolis Public Schools, SSD No. 1, No. 12-cv-2398 (MJD/LIB) (hereafter I.E.C. I, 12-cv-2398).

Meanwhile, Plaintiff re-enrolled in the District on August 7, 2012, and filed a second Complaint and Request for Administrative Hearing on August 21, 2012, seeking the same relief as the prior complaint. (Compl. ¶¶ 31-34). However, by August 29, 2012, Plaintiff's mother had removed Plaintiff from the District and enrolled her in a private charter school. (Id. ¶¶ 34). On October 19, 2012, the ALJ issued an order finding that Plaintiff had enrolled in a charter school,

which for purposes of the IDEA was a separate school district, and he dismissed the complaint on the basis that Plaintiff had failed to provide the District with an opportunity to implement an IEP for the student. (See Docket No. 30, Ex. 5 at 5-7). The ALJ aptly noted that Plaintiff was "attempting to resurrect the same issues that were brought in her complaint of June 2012," which was dismissed under the Eighth Circuit's holding in Thompson. (Id. at 5). In this particular decision, however, the ALJ held that because the parties had "agreed to proceed with an evaluation as proposed by the [Plaintiff] based on the existing evaluations of [Plaintiff]" and because Plaintiff's mother removed Plaintiff from the District "before the parties had an opportunity [to] develop the educational plan, . . . there can be no showing of a denial FAPE . . . ." (Id. at 6). Quoting Schoenfeld v. Parkway Sch. Dist., 138 F.3d 379, 382 (8th Cir. 1998), the ALJ explained that "[i]f the District 'is denied an opportunity to formulate a plan to meet [the Student's] needs, it cannot be shown that it had an inadequate [IEP] plan under the IDEA'"; rather, "[t]he District must be provided an opportunity to modify an IEP to meet the Student's needs for the school year." (Id.) Furthermore, the ALJ held that "even if the District failed in its duties in the seven days between the IEP meeting and when the Student enrolled in the new district, the Student [had] not demonstrated that she sustained any loss of educational benefit during the relevant seven day period." (Id. at 7). Plaintiff then filed the present lawsuit in this Court (hereafter I.E.C. II, 12-cv-2997), appealing the ALJ's October 2012 decision.

In addition to seeking review of the October 2012 ALJ decision in the present action, Plaintiff also alleges that "[t]he Minnesota Department of Education and by and through its contracted provider the Office of Administrative Hearings have a policy, practice and custom of denying children with disabilities their due process and procedural protections, as well as their statutorily protected property interest including denying access to a due process hearing."

(Compl. ¶ 40).  Plaintiff asserts that the Minnesota Department of Education and the Office of

Administrative Hearings "through [their] policy, procedures and customs deprived [Plaintiff] of

her property interest in her education and her state and federal rights under the IDEA without due

process."  (Id.)  She further alleges that "[t]he Administrative Hearing decisions based upon the

Eighth Circuit Court of Appeals analysis in [Thompson] and its progeny violate students with

disabilities rights to due process under the IDEA and the 14th Amendment" and "[t]he

Administrative Law Judges and federal district and circuit courts [] continue to deprive [Plaintiff

of] the right to an administrative hearing under the IDEA on a legal basis that is contrary to the

federal and state law."  (Id. at 43).

## II.    PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT[1]

As more fully discussed below, there has been some apparent confusion on the part of the

Plaintiff's counsel as to the scope of this present lawsuit, when compared to the other lawsuits

filed by Plaintiff.  See I.E.C. I, 12-cv-2398; I.E.C. v. Minnesota Department of Education, No.

13-cv-1062 (SRN/FLN)) (hereafter I.E.C. III, 13-cv-1062).  Because Plaintiff's motion for

declaratory judgment in this case is necessarily limited by the claims pled in this case, before

considering the merits of Plaintiff's motion for declaratory judgment, the Court takes time to

clarify precisely what is before the Court in the present lawsuit.

Although it should be apparent from the Court's prior order that the present case (I.E.C.

II, 12-cv-2997) was **not** consolidated with the other case filed by Plaintiff (I.E.C. I, 12-cv-2398)

for anything other than discovery and pretrial motions, (see Order [Docket No. 30 in 12-cv-2398]

---

[1] It was not clear from Plaintiff's written memorandum precisely against whom Plaintiff sought declaratory relief.
At the hearing on Plaintiff's motion, Plaintiff clarified that her motion was only directed at the State Defendants, not
against the District.  Specifically, Plaintiff's counsel stated: "My motion for declaratory judgment was against the
[Minnesota Department of Education]."  It was not directed toward the District because "they don't have any
capabilities to effect any change."

Therefore, the Court need not, and does not, consider the memorandum in opposition to the motion submitted by the
District.

at 9-11), Plaintiff's counsel sought to proceed under the mistaken belief that the two actions were consolidated on the merits. (<u>See</u> Pls.' Reply to Defs.' Opp'n [Docket No. 43] at 7) ("The Cases have been Consolidated Under the Court's Order"). The claims in the two cases have not been merged or consolidated on the merits in any way.

The <u>I.E.C. I</u>, 12-cv-2398 action involves the appeal of the ALJ's August 2012 decision and is against only the Minneapolis Public Schools SSD No.1; the Minnesota Department of Education and Minnesota Department of Education Commissioner Brenda Cassellius are not defendants in that action. The present <u>I.E.C. II</u>, 12-cv-2997 action involves the appeal of the ALJ's October 2012 decision and is against the Minnesota Department of Education, Minnesota Department of Education Commissioner Brenda Cassellius, and the Minneapolis Public Schools SSD No.1. Although the two actions may be loosely "related," they are brought under separate complaints, and, for all intents and purposes except for some discovery, are entirely separate lawsuits. The Court has already considered and ruled on Plaintiff's motion to amend the complaint in <u>I.E.C. I</u>, 12-cv-2398 to add the Minnesota Department of Education and Commissioner Cassellius as defendants or alternatively to consolidate the merits of these two cases. The Court found that consolidation for discovery alone was appropriate because it "may promote efficiency vis-à-vis the parties, saving them both time and money by reducing or eliminating any duplication of discovery." (Order [Docket No. 30 in 12-cv-2398] at 10). As to consolidation for trial on the merits, however, the Court denied the motion without prejudice and "reserve[ed] the question of whether consolidation at trial [would be] appropriate." (<u>Id.</u> at 11). Importantly, the Court noted that "[a]lthough 'consolidation [at trial] is permitted as a matter of convenience and economy in administration, it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'"

(Id. at 9 n.11) (quoting Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994)). In short, even after the Court's Order, the claims and parties involved in each lawsuit remained entirely separate.

Moreover, Plaintiff's motion to amend the complaint in I.E.C. I, 12-cv-2398—to add the Minnesota Department of Education and Commissioner Brenda Cassellius as defendants in Plaintiff's appeal of the August 2012 ALJ decision—was denied because it would have been barred by the 90-day deadline for appeal set forth in the IDEA, and more importantly, because the proposed claims could not survive an Iqbal[2]/Twombly[3] motion to dismiss under Fed. R. Civ. P. 12(b)(6) as that standard of review is incorporated into a Fed. R. Civ. P. 15 motion to amend futility analysis. Plaintiff did not object to or appeal the Court's order denying her motion to amend the Complaint and she cannot now collaterally attack that Order in I.E.C. I, 12-cv-2398 in this present case (I.E.C. II, 12-cv-2997).

In any event, even if the Court had consolidated the two cases (I.E.C. II, 12-cv-2997 and I.E.C. I, 12-cv-2398) for trial, which it did not, Plaintiff still cannot simply incorporate a claim from I.E.C. I, 12-cv-2398 (which appeals from the ALJ's August 2012 decision), where the State Defendants are not named as party defendants, into an entirely different case (I.E.C. II, 12-cv-2997) (which appeals from the ALJ's October 2012 decision), where the State Defendants are named as party defendants. See Saettele, 21 F.3d at 235.

Having clarified the proper scope of the claims in this present lawsuit, the Court now considers Plaintiff's motion. In her motion, Plaintiff framed the relief she seeks as follows:

1) The denial of a special education administrative hearing to the Plaintiffs violates the student's Procedural Due Process rights under the Individuals with Disabilities Education Act;

---

[2] Ashcroft v. Iqbal, 556 U.S. 662 (2009).
[3] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

2) The denial of a special education administrative hearing under the <u>Thompson</u> analysis violates the Plaintiffs' Fourteenth Amendment rights to Equal Protection and Procedural Due Process.
3) Plaintiffs are excused from the Act's exhaustion requirement on the basis of futility and the MDE's policies and procedures that prevent exhaustion

(Mot. for Declaratory Relief [Docket No. 27] at 1). While these specific relief requests seem relatively clear and straightforward, Plaintiff's written submissions in support of her motion were not.[4] Having carefully read and considered Plaintiff's written submissions, it was not at all clear on what basis under the law Plaintiff asserted some of her requests against the State Defendants in this motion for declaratory relief. The only thing that was abundantly clear from Plaintiff's memorandum was that Plaintiff disagrees with the Eighth Circuit's decision in <u>Thompson</u> and its subsequent application in the IDEA process in Minnesota. Of course, in considering whether a party is entitled to relief, the Court does not consider the matter in a vacuum, and the party seeking the relief must articulate the specific relief sought and the legal principle or statute the

---

[4] For example Plaintiff asserts that "the interpretation by . . . federal courts . . . directly conflicts with the clear and unequivocal language of the Act under the Doctrine of Federal Preemption." (Pls.' Mem. in Supp. of Mot. at 14-17). Plaintiff argues that there is a "significant tyranny perpetuated not only by the federal courts, but also by the Minnesota Department of Education's affirmation and inaction to correct these abuses." (<u>Id.</u> at 16). The interpretation of federal law is the province of the federal courts, and an argument that the federal courts' interpretation of federal law is "preempted" by the federal law itself is simply nonsensical. But even if the argument had any merit, Plaintiff entirely fails to explain how her personal belief that there was a misinterpretation of federal law by a federal court in another case provides Plaintiff with a cause of action—much less entitles her to declaratory relief—now against the State Defendants. Furthermore, to the extent that Plaintiff believes the IDEA preempts certain state law—which she has failed to clearly identify—it is not clear under which currently pled legal claim she believes such an argument is relevant. Nevertheless, the Eighth Circuit already addressed the interplay between the IDEA and the Minnesota state law implementing the IDEA requirements with which she disagrees. <u>See</u> <u>Thompson</u>, 144 F.3d at 578-79. It later reaffirmed the legal principle established in <u>Thompson</u>, in light of an amendment to the state statute. <u>See</u> <u>C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347</u>, 591 F.3d 624, 631 (8th Cir. 2010). And the following year, it again reaffirmed the holding in <u>Thompson</u>. <u>See</u> <u>Barron ex rel. D.B. v. South Dakota Bd. of Regents</u>, 655 F.3d 787, 790 n.2 (8th Cir. 2011).

Plaintiff also argues that by applying <u>Thompson</u>, the Minnesota Department of Education violates Plaintiff's equal protection rights and, in support, cites several district court decisions outside the Eighth Circuit that disagree with the holding established in <u>Thompson</u>. (Pls.' Mem. in Supp. of Mot. at 17-22). Essentially, Plaintiff offers policy reasons and other courts' reasoning to overturn the holding in <u>Thompson</u>. It is implicit that the Magistrate Judge has no authority to overturn an Eighth Circuit decision based on the criticism of other district courts outside the Eighth Circuit. Moreover, Plaintiff fails to articulate under what basis in the law she seeks to assert this equal protection claim against the State Defendants—presumably it is her § 1983 claim, which as described below cannot stand.

party believes entitles her to such relief.  Here, the written memoranda were devoid of such specificity, leaving the Court to initially guess as to the true basis for the motion.

In light of this confusion, at the hearing, the Court inquired of Plaintiff specifically what it was that she sought from the Court in her motion for a declaratory judgment.  As made clear by Plaintiff's counsel at the hearing, the relief Plaintiff seeks in her motion for declaratory judgment is against only the State Defendants on the basis of Thompson.  It also became apparent from questioning at the hearing and statements by Plaintiff's counsel that Plaintiff's improper procedural intent with the present motion was to seek a declaratory judgment against the State Defendants in this case (I.E.C. II, 12-cv-2997) on a claim involving the August 2012 decision at issue in the different case of I.E.C. I, 12-cv-2398.  In other words, Plaintiff attempts a second bite at the apple in bringing the same claim she sought to assert against the State Defendants by her motion to amend in I.E.C. I, 12-cv-2398, which the Court has already rejected.  Plaintiff acknowledged as much at the hearing:

> There is no point in having [the motion] in front of the Court for consideration because it's a motion for declaratory judgment against the [State Defendants] and the only time that the [Minnesota Department of Education] is a party is [in the present case].  You've limited me to [12-cv-2997], therefore, there is no point in this motion . . . [because in the present case], the basis of the dismissal had nothing to do with Thompson. So, my motion is irrelevant.
>
> . . .
>
> You're telling me that the only thing that is before [the Court] is the second dismissal, which was not based on Thompson; therefore, my motion for declaratory judgment is null and void because my motion for declaratory judgment is exclusive to the issue of Thompson.[5]

---

[5] At the hearing, the Court inquired whether in light of the clarified scope of the lawsuits Plaintiff wished to withdraw her motion.  Still under the mistaken belief that consolidation of I.E.C. I, 12-cv-2398 and I.E.C. II, 12-cv-2997 for the limited purpose of discovery and pretrial motions operated to merge both cases on the merits into a single cause of action against all Defendants in both cases, she declined to withdraw her motion as moot.  However, she also declined the Court's invitation to make whatever oral argument she wished on the substance of her motion.

It should be obvious that a plaintiff cannot file two lawsuits[6] alleging the same claim in the hope that if the first one fails, she may nevertheless proceed with the second. The appeal of the ALJ's August 2012 decision, which was based on <u>Thompson</u>, is the subject of <u>I.E.C. I</u>, 12-cv-2398.[7] The appeal of the ALJ's October 2012 decision, which **is** the basis of **this** lawsuit (<u>I.E.C. II</u>, 12-cv-2997) was not based on <u>Thompson</u>—a principle with which Plaintiff agreed at the hearing. Having acknowledged at the hearing that the only relief she seeks in her motion for declaratory judgment is against the State Defendants, and that it is based on a denial under <u>Thompson</u>, which is not even at issue in the present case, the Court finds that it cannot grant declaratory relief on a claim not properly before it, and recommends that Plaintiff's motion be denied.

Furthermore, in addition to the fact that the Court cannot grant the relief Plaintiff specifically seeks for the reasons stated above, Plaintiff's relief could also be denied because a motion for declaratory judgment under Fed. R. Civ. P. 57 is not a proper procedural vehicle. While Federal Rule of Civil Procedure 57 provides for a declaratory judgment **action**, which is considered a civil **suit** subject to the Federal Rules of Civil Procedure, Rule 57 does not—nor does any other provision of the Federal Rules of Civil Procedure of which the Court is aware— provide for a motion for declaratory judgment:

> Under Rule 57, a litigant may bring an action seeking a declaratory judgment. An action for a declaratory judgment is "an ordinary civil action." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2768 (1983) ("The incidents of pleading, process, discovery, trial, and judgment are the same."); see also Edwin Borchard, Declaratory Judgments 26 (2d Ed.1941) (in an action for a declaratory judgment "the conditions of [a] usual

---

[6] Or three lawsuits. <u>See</u> <u>I.E.C III</u>, 13-cv-1062.

[7] The administrative record in <u>I.E.C I.</u>, 12-cv-2398 has been filed with the Court, and no party has yet brought any dispositive motions in that case. Nothing in this Report and Recommendation should be construed as an adjudication of the merits of Plaintiff's claims in <u>I.E.C. I</u>, 12-cv-2398 or a determination whether the ALJ's August 2012 decision appropriately considered and applied the relevant law, including <u>Thompson</u>—these are all issues which have yet to be properly brought before the Court.

action, procedural and substantive, must always be present"). Rule 57 states that "[t]he procedure for obtaining a declaratory judgment . . . shall be in accordance with these rules." Fed. R. Civ. P. 57. Thus, by specifically referencing the Federal Rules, Rule 57 contemplates that an action for a declaratory judgment is a civil action subject to the Federal Rules.

Because an action for a declaratory judgment is an ordinary civil action, a party may not make a motion for declaratory relief, but rather, the party must bring an action for a declaratory judgment. See In re: Spencer, 7 B.R. 458, 460-61 (Bankr.S.D.Ca.1980) (in bankruptcy proceeding, trustee cannot obtain a judgment regarding trustee's rights to property merely by filing an objection to debtors' claimed exemptions, but rather, trustee must bring an action for a declaratory judgment). Insofar as plaintiffs seek a motion for a declaratory judgment, plaintiffs' motion is denied because such a motion is inconsistent with the Federal Rules. The only way plaintiffs' motion can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment.

Int'l Broth. Of Teamsters v. Eastern Conf. of Teamsters, 160 F.R.D. 452, 456 (S.D. N.Y. 1995); see also Brown v. Voorhies, 2009 WL 700692, at *7 (S.D. Ohio Mar. 10, 2009) (concluding that a motion for declaratory judgment is "procedurally defective and . . . inconsistent with the Federal Rules" and citing other decisions); Fusco v. Rome Cable Corp., 859 F. Supp. 624, 628 (N.D. N.Y. Aug. 4, 1994) (noting that a motion for declaratory judgment is procedurally flawed but, "in the interest of justice," construing the motion as one under Rule 56). Indeed, this Court recently struck a motion for declaratory judgment based on the reasoning set forth in Int'l Broth. of Teamsters. See American Dairy Queen Corp. v. Blume, No. 11-358 (RHK/TNL), 2013 WL 1748436, at *7 (D. Minn. Jan. 11, 2013) (quoting Int'l Broth. of Teamsters and striking the motion because the movant's motion failed to meet Rule 57's strictures, it was "inconsistent with the Federal Rules and with earlier Court Orders").[8]

Even if the Court were to construe the Plaintiff's motion as one for summary judgment under Federal Rule of Civil Procedure 56, it should still be denied.

---

[8] Strangely, Plaintiff appears to acknowledge that her own motion is not the proper procedural vehicle: "Nor is a motion for declaratory judgment the correct mechanism by which the case is tried." (Pls.' Reply to Defs.' Opp'n [Docket No. 43] at 3).

Summary Judgment is appropriate when the evidence demonstrates that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(a); Smutka v. City of Hutchinson, 451 F.3d 522, 526 (8th Cir. 2006). A disputed fact is "material" if it might affect the outcome of the case, and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of bringing forward sufficient admissible evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

As already explained above, the specific relief Plaintiff appears to seek in this motion against the State Defendants is simply unavailable in this case (12-cv-2997). However, to the extent that the Court were to liberally consider Plaintiff's motion as one also seeking summary judgment on the appeal of the ALJ's October 2012 decision against the State Defendants,[9] Plaintiff has failed to satisfy her preliminary burden under Fed. R. Civ. P. 56. First, in her memorandum in support of the motion, Plaintiff made no reference (by affidavit or otherwise) to any portion of the administrative record but made only conclusory legal arguments in support of the motion. Indeed, it would have been impossible for Plaintiff to cite to the administrative record because at the time Plaintiff's memorandum in support of her motion was served and filed on March 21, 2013, (see Docket No. 29), the administrative record had not yet even been produced and filed with the Court.[10] In her reply memorandum in support of her motion, Plaintiff again did not cite to any specific facts from the administrative record under which she

---

[9] The Court's analysis below on the State Defendants' motion to dismiss will address the independent viability of such a claim by Plaintiff.
[10] The administrative record was filed with the Court on April 24, 2013, one day before Plaintiff's reply in support of this motion was due. (See Docket No. 41).

believed she would be entitled to summary judgment, but rather, offered what she subjectively believed to be part of the administrative record and disputed documents the District Defendant had averred to in its motion as not being part of the record.[11] Nor has Plaintiff's counsel identified "undisputed" material facts upon which she could base a motion under Rule 56 against the State Defendants.[12]

Finally, to the extent that Plaintiff seeks summary judgment on any of her other claims (the 29 U.S.C. § 794 and 42 U.S.C. § 1983 claims) against the State Defendants, the Court finds that they fail for pleading reasons as explained below in addressing the State Defendants' motion to dismiss.

Therefore, the Court finds that Plaintiff has failed to demonstrate that she is entitled to any summary relief against the State Defendants, which, as confirmed by Plaintiff at the hearing, were the only parties the Plaintiff's present motion was directed against.

## III.    STATE DEFENDANTS' MOTION TO DISMISS[13]

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted.  On a motion to dismiss, the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant."  Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004).  Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain "a

---

[11] Plaintiff filed her reply memorandum on April 29, 2013.  (See Docket No. 43).  It was due on April 25, 2013, 14 days after the filing of the responsive memorandums.  See D. Minn. LR 7.1(c)(3)(A).  Because it was not timely filed, the Court need not even consider the reply.  See D. Minn. LR 7.1(g).

[12] Indeed, Plaintiff's counsel inconsistently commented at the hearing that there are no material factual disputes, but Plaintiff's own initial memorandum in support of her motion included a section titled "Disputed Facts in Complaint," (Pls.' Mem. in Supp. at 6-9), and Plaintiff's reply memorandum in support of her motion includes a three-page discussion and "table of contested facts" as to precisely what facts are part of the administrative record, (see Pls.' Reply to Defs.' Opp'n at 3-5).

[13] The motion to dismiss is brought only by the State Defendants to dismiss the Plaintiff's claims against these two State Defendants—the District has not filed a motion to dismiss.

short and plain statement of the claim showing that the pleader is entitled to relief." This requires a Plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). Plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level." Id. Courts must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" their claims against each defendant "across the line from conceivable to plausible." Iqbal, 556 U.S. at 679-80 (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Farnham St. Fin., Inc. v. Pump Media, Inc., No. 09-233 (MJD/FLN), 2009 WL 4672668 at *3 (D. Minn. Dec. 8, 2009) (citing Iqbal, 129 S. Ct. at 1949).

Facts pled which "give the defendant fair notice of what the claim is and the grounds upon which it rests" meet the 12(b)(6) standard. Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). When analyzing a complaint on a 12(b)(6) motion to dismiss, courts should read the complaint "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). Deciding whether a complaint states a plausible claim for relief is "a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64.

**B. Discussion**

Defendants Minnesota Department of Education and Commissioner Brenda Cassellius move to be dismissed as parties to this lawsuit, under Fed. R. Civ. P. 12(b), 20 and 21, because "[i]t is well established that State educational agencies are not proper parties to claims challenging special education due process decisions" and because "[t]he judicial review process is capable of correcting any legal mistakes without the participation of the State Education Department as a party." (Mem. in Supp. of Mot. to Dismiss [Docket No. 13] at 1). The State Defendants argue that they are not the proper party to challenge due process decisions because they have no authority to effect the relief sought by Plaintiff. (Mem. in Supp. of Mot. to Dismiss at 4-6).

The Court initially notes that just as Plaintiff's written memorandum failed to clearly explain the legal basis for her motion for declaratory judgment, her Complaint in the present case (I.E.C. II, 12-cv-2997) fails to clearly state which claims are asserted against which Defendant, leaving the Court to again seek to divine some clarity out of the pleading. Such shotgun pleadings have been continually discouraged in this District. See Gurman v. Metro Housing and Redevelopment Auth., 842 F. Supp.2d 1151, 1153 (D. Minn. 2011) ("This Court has repeatedly criticized the filing of 'kitchen-sink' or 'shotgun' complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant."); Johnson v. Minn. Dept. of Corr., No. 12-784 (PAM/JSM), 2012 WL 2050246, at *1 (D. Minn. May 15, 2012) ("[I]n order to state an actionable civil rights claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly

violated the plaintiff's federal constitutional rights."); <u>Tatone v. SunTrust Mortg., Inc.</u>, No. 11-1862 (MJD/JSM), 2012 WL 763581, at *9 (D. Minn. Mar. 8, 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."); <u>Tully v. Bank of America, N.A.</u>, No. 10-4734 (DWF/JSM), 2011 WL 1882665, at *6 (D. Minn. May 17, 2011). The ability to ascertain the factual allegations giving rise to the alleged claim and the legal basis that Plaintiff alleges supports their claim is of ultimate importance to the Court and the parties being sued. "The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support." <u>Gurman</u>, 842 F.Supp.2d at 1153. It "is emphatically not the job of either a defendant or the Court[, it] is the plaintiffs' burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." <u>Id.</u> Despite the failure of pleading clarity here, because there are only three legal claims asserted in this present lawsuit, the Court can readily address each of them. In this instance, the Court will consider them and read them very liberally in determining which were brought against the State Defendants—the only party moving to be dismissed.

Plaintiff's third claim—alleging a violation of equal protection and due process under the 14th Amendment and 42 U.S.C. § 1983—if asserted against the Minnesota Department of Education, (<u>see</u> Compl. [Docket No. 1] ¶¶ 69-73), fails as a matter of law and should be dismissed because the Minnesota Department of Education cannot be sued as a "person" under § 1983. <u>See</u> <u>Thompson v. Board of Spec. Sch. Dist. No. 1</u>, 936 F. Supp. 644, 649 (D. Minn. 1996)

(finding that the § 1983 claims against the Minnesota Department of Education and the Commissioner of the Minnesota Department of Children, Families, and Learning, among other state defendants, could not stand); Dahlin v. Fabian, 2010 WL 5572770, at *4 (D. Minn. Dec. 14, 2010) ("A state agency and a state official sued in his or her official capacity for damages is not a 'person' within the meaning of section 1983."); C.S. v. Missouri State Bd. of Educ., 656 F. Supp.2d 1007, 1013 (E.D. Mo. Sept. 8, 2009) ("A suit against a state Board of Education or Department of Education qualifies as an action against the state . . . [t]herefore, Plaintiff could not bring a § 1983 suit against State Defendants because they are not 'persons' under the statute."); B.A. ex rel. Randall v. Missouri, 2010 WL 1254655, at *6 (E.D. Mo. Mar. 24, 2010) (dismissing the plaintiff's equal protection claim and explaining that "[i]nasmuch as the State of Missouri, the Missouri State Board of Education, DESE, and the SSSH are all state agencies and are not persons for purposes of 42 U.S.C. § 1983, they are not suable under § 1983"). The same is true for Defendant Brenda Cassellius, the Commissioner of the Minnesota Department of Education, because Plaintiff has not asserted that Commissioner Cassellius is being sued in her individual capacity, and the Court must presume that she is being sued in her official capacity. See Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007) ("If a plaintiff's complaint is silent about the capacity in which [she] is suing the defendant, we interpret the complaint as including only official-capacity claims." (quoting Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995))).[14] This is because "[a] suit against a government officer in [their] official capacity is

---

[14] Additionally, the Court notes that other than identifying Commissioner Cassellius by name and title, the Complaint is utterly and entirely devoid of any factual allegations of any specific individual conduct by Commissioner Cassellius, so even if the Court were to construe Plaintiff's § 1983 claim to be against Commissioner Cassellius in her individual capacity, Plaintiff's claims would still be subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to meet Iqbal/Twombly pleading standards.

functionally equivalent to a suit against the employing governmental entity."  Veatch v. Bartels

Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).[15]

Plaintiff's remaining two claims against the State Defendants also fail to allege sufficient

facts to state a claim for relief.

First, as to Plaintiff's claim under the IDEA and Minnesota's implementing statute,

Plaintiff's counsel acknowledged at the hearing that the sole basis for her IDEA claim against the

State Defendants is that the they are improperly applying Thompson, which, as thoroughly

discussed by the Court above, was not even the basis of the ALJ's October 2012 decision at issue

in the present case.  Indeed, the Court already rejected Plaintiff's attempt to assert the exact same

claims over the August 2012 ALJ decision[16] against the State Defendants in I.E.C. I, 12-cv-2398

in its Order there denying Plaintiff's motion to amend the 12-cv-2398 complaint:

> In any event, whether Plaintiff's motion is considered as a Rule 19 motion to
> amend for joinder of an indispensable party, or a Rule 15 motion to amend the
> complaint, in either case, the motion ultimately must be denied as futile.  "[S]tate
> education agencies may be responsible for violations of the IDEA when the state
> agency in some way fails to comply with its duty to assure that the IDEA's
> substantive requirements are being implemented."  Pachl v. Seagren, 453 F.3d
> 1064, 1070 (8th Cir. 2006) (internal quotations and citations omitted).  Plaintiff
> brought this action to appeal the decision of the Hearing Officer, not to challenge
> any particular action by the MDE.  In fact, the IDEA requires that due process
> hearings be independent of state education agencies, 20 U.S.C. §§ 1415(f)(1)(A),
> 1415(g)(2), and the IDEA's implementing regulations further provide that state
> education agencies are bound by the decisions of administrative hearing officers.
> 34 C.F.R. § 300.152(c)(2)(1).  Accordingly, under Eighth Circuit precedent,
> where, as here, Plaintiff's proposed amendment "fail[s] to articulate a specific
> manner in which [she believes] the [MDE] has neglected its duties to monitor the
> school district, implement corrective action, or otherwise ensure that IDEA
> requirements are met . . . [Plaintiff] failed to state a claim against the Minnesota
> Department of Education."  Pachl, 453 F.3d at 1070; see also Renollett v. State of

---

[15] The Court also notes that Plaintiff appears to argue that the State Defendants are violating her equal protection rights by complying with the interpretation of federal law by a federal court (i.e., the Eight Circuit's holding in Thompson).  Plaintiff has presented no authority or argument that a state agency's compliance with federal law, as interpreted by a federal court, can be the basis of an equal protection claim.

[16] The proposed complaint in the motion to amend in I.E.C. I, 12-cv-2398, as explained in the Court's prior Order, was "virtually identical save for one factual assertion" to the initial complaint in the present (I.E.C. II, 12-cv-2997) case.

> Minnesota, Dep't of Educ., No. 03-cv-6452 (ADM/AJB), 2004 U.S. Dist. LEXIS 12997, at *18 (D. Minn. July 13, 2004) (Montgomery, J.) ("The MDE is not a proper defendant to this claim because liability may not flow from decisions over which State Defendants have no control and cannot legally influence").

(See 12-cv-2398 Order [Docket No. 30] at 6-8).

Accordingly, considering the October 2012 ALJ decision which is the basis for the claims in this present lawsuit, Plaintiff has still offered no argument for why her claims here fall within the narrow scope espoused in Pachl, supra. Therefore, given that the claim in the present case is based on the exact same allegations as previously considered and rejected by the Court in I.E.C. I, 12-cv-2398, for all of the reasons explained in the Court's prior Order in I.E.C. I, 12-cv-2398, the Court would again find that Plaintiff's misplaced attempt to assert an IDEA claim against the State Defendants in this present lawsuit (I.E.C. II, 12-cv-2997) fails to plead the necessary facts to state a claim for relief.

Plaintiff's last claim—alleging a violation of the Rehabilitation Act (29 U.S.C. § 794)—does not even appear at all on its face to be asserted against the State Defendants as the specific allegations in the Complaint pertain only to alleged improper actions by the District Defendant. (See Compl. ¶¶ 66-68).[17] Nevertheless, even if it were construed to be pled against the State Defendants, the Complaint fails to allege the necessary facts to support such a claim.

"Section 504[18] is a proscriptive, anti-discrimination statute that prohibits discrimination on the part of governmental actors to avoid due process and equal protection violations." M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721, 439 F.3d 865, 867 (8th Cir. 2006). "To establish a prime facie case of disability discrimination under Section 504, a plaintiff must prove that she:

---

[17] This conclusion is further supported by the fact that the 29 U.S.C. § 794 claim was not pled in the subsequently filed I.E.C. III, 13-cv-1062, which was only brought against the State Defendants. (See Compl. [Docket No.1, 13-cv-1062] ¶¶ 47-54).
[18] Section 504 of the Rehabilitation Act was codified in 29 U.S.C. § 794, see Rodgers v. Magnet Cove Pub. Schs., 34 F.3d 642, 643 (8th Cir. 1994), and the Court refers to both citations interchangeably.

'(1) is a qualified individual with a disability; (2) was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) was discriminated against based on her disability.'" C.N. ex rel. J.N. v. Willmar Pub. Schs., 2008 WL 3896205, at *3 (D. Minn. Aug. 19, 2008) (quoting Timothy H. v. Cedar Rapids Cmty. Sch. Dist., 178 F.3d 968, 971 (8th Cir.1999)). "A plaintiff must show bad faith or gross misjudgment to make a successful Section 504 violation claim." Id. Plaintiff's only argument for action by the State Defendants is a generic one to the effect that they are following and applying the Eighth Circuit's holding in Thompson, and Plaintiff has failed to explain in her present Complaint (12-cv-2997) by any factual allegations whatsoever as to how the State Defendants specifically discriminated against her based on her disability, much less that it was based on bad faith or gross misjudgment.

Finally, the Court recommends that all claims in the present case against the State Defendants be dismissed with prejudice. The Court recognizes that it has discretion on whether a Rule 12(b)(6) dismissal for a pleading failure should be with or without prejudice. See Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC, 700 F.3d 829, 844 (6th Cir. 2012); Agnew v. National Collegiate Athletic Ass'n, 683 F.3d 328, 334 (7th Cir. 2012). Here, as already discussed in Section II above (p. 7), there is a 90-day statute of limitations for an IDEA claim seeking review of an ALJ decision. The 90-day statute of limitations on the October 2012 decision at issue in the present case has lapsed long ago thus effectively precluding any attempt to replead. Furthermore, Plaintiff has again failed to adequately plead in the present Complaint any specific allegations to avoid the preclusive effect of Pachl, supra. Likewise, Plaintiff's attempt to plead a 42 U.S.C. § 1983 claim against the State Defendants, as discussed above, fails as a matter of law. Finally, on the face of the present Complaint the Plaintiff's Rehabilitation Act claim is not even pled against the State Defendants.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that

1) Plaintiff's motion for a declaratory judgment [Docket No. 27] be **DENIED** without prejudice;

2) Defendants Minnesota Department of Education and Commissioner Brenda Cassellius' motion to dismiss [Docket No. 11] be **GRANTED** with prejudice.


Dated: June 24, 2013                                    s/Leo I. Brisbois
                                                        LEO I. BRISBOIS
                                                        United States Magistrate Judge


# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by July 8, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within seven days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.