**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| I.E.C., on her own behalf and by through her Parent and Natural Guardian, J.R., | Civil File No. 12-2997(MJD/LIB) |
| Plaintiffs, | **OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION** |
| -vs- | |
| Minneapolis Public Schools, SSD No. 1, Minnesota Department of Education, Brenda Cassellius, | |
| Defendants. | |

**PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION**

NOW COME the Plaintiffs, Isabella Cavanaugh ("Bella") and Jennifer Russell ("Jennifer") (also collectively referred to as "Plaintiffs") and, pursuant to FRCP Rule 72, objecting to the Report and Recommendation ("Report") of Magistrate Leo I. Brisbois ("Magistrate") [Doc. 46]:

**BACKGROUND**

The Plaintiffs are a mother and her disabled daughter. Bella is a child with a disability entitled to all of the protections under the Individuals with Disabilities Act ("Act"), 20 U.S.C. 1400, *et seq.* including the right to identification, evaluation, programming, placement and an impartial hearing. Over a period of five years, the Minneapolis Public School district ("District") denied those rights. In an effort to protect Bella's education rights, Jennifer first repeatedly contacted the District's. When the District failed to comply with the Act, Jennifer pursued the education alternatives of a private school and another public school within the state of Minnesota.

Despite the MDE's confirmation that the District violated Plaintiffs' rights under the Act, Plaintiffs were twice denied an impartial hearing on the merits.

1

The right to an impartial administrative hearing is a basic procedural right under the Act.[1]

## UNCONTESTED FACTS

In this case, the uncontested facts relevant to the Plaintiffs' Motion for Declaratory Judgment and the Report and Recommendation are:

1. The Plaintiffs were at all time relevant herein residents of the Minneapolis Public Schools within the meaning of the Minnesota State Special Education Statute (Minn. Stat. §§ 125A. 15; 125A.03);
2. The Plaintiffs were denied an impartial administrative hearing (Administrative Decisions I and II);
3. The claims raised were raised within the two-year statute of limitations; and
4. The claims were brought pursuant to the Individuals with Disabilities Education Act.

## PROCEDURAL HISTORY

After five (5) years of contacting the Defendant Minneapolis Public Schools ("District") and being denied their rights under the Act, Jennifer, filed a complaint in April 2012 with the Minnesota Department of Education ("MDE").[2] *Complaint* at p. 9, ¶¶ 26-27[Doc.1]. The complaint asserted that the District refused to identify, evaluate and provide special education programming for Bella. *Id.* at p. 4, ¶ 7. The MDE found that the District *did violate* Bella's rights[3] and ordered specific corrective action including:

> Because the Student has not yet been found eligible and in need of special education and related services and is no longer in the District, compensatory education services are not ordered. *If the Student returns to the District, the District will proceed with child find procedures in accordance with this decision*.

*Id. at p. 5, ¶ 2.*(Emphasis added)[Doc. No. 30, Ex. 4].

---

[1] 20 U.S.C. 1415(b)(7), 1415(c)(2); 34 C.F.R. 300.508;
[2] There are three statutory mechanisms for dispute resolution under the Act: mediation/conciliation, a complaint with the state education agency and an administrative hearing. *See* 34 C.F.R. §§ 300.151-153 and 34 C.F.R. §§ 300.500 - 518.
[3] Specifically, the MDE found that Minneapolis Public Schools did not timely evaluate Bella for special education instruction, thus violating its child-find duties under the Act. *See* 34 C.F.R. § 300.111; 34 C.F.R. § 300.125(a)(1)(i); Minn. R. 3525.0750.

Bella's disabling conditions deteriorated and she was in a hospital and out-patient program within the boundaries of the Minneapolis Public Schools from March 2012 to the first week of June 2012. *Complaint* at p. 10, ¶¶ 30-21[Doc.1]. Once again, the District refused to initiate an evaluation of Bella or comply with the MDE's corrective action. *Id. at p. 10, ¶ 30.* The medical professionals recommended Bella attend a residential treatment program. *Id.* Bella began attending St Cloud residential program in June 2012. On the 11th of July 2012 Bella returned home. Prior to the date of her return home, Jennifer filed her first Complaint and Request for Administrative Hearing. *Id. at p. 10, ¶¶ 30-33.*

Bella's right to an impartial hearing was denied by the administrative law judge ("ALJ") assigned by the Office of Administrative Hearings ("OAH") and the complaint was dismissed with prejudice. The ALJ relied upon the language in *Thompson v. Board of Special Sch. Dist. No. 1*, 144 F.3d 574 (8th Cir. 1998):

> [i]f a student changes school districts, and does not request a due process hearing, his or her right to challenge prior educational services is not preserved. Subsequent challenges to the student's previous education become moot because the new school district is responsible for providing a due process hearing.

*Thompson*, 144 F.3d at 579. See *Administrative Law Judge Order for Dismissal No. 1*, (MDE File No. 12-038H; OAH File No. 16-1300-22881-9, ("Decision I")[Doc. 30, Ex. 4].

From the 11th of July 2012 through to the 22nd of August 2013, Jennifer repeatedly requested the District to identify and evaluate Bella and comply with the MDE's corrective action . *Complaint* at p. 11, ¶ 34. The District refused, asserting that Bella was no longer enrolled in the District. *Id.*

After Jennifer notified the District of her intent to file another Complaint, an individualized education program ("IEP") team meeting was scheduled but not until a week prior to the beginning of the school year. *Complaint* at p. 10, ¶ 32. District staff insisted that Bella

would not receive special education and related services until she was formally evaluated by District personnel. A district, by statute, may take up to 60 days to complete the initial evaluation,[4] an additional 30 days to covene an IEP team meeting[5], and an additional 60 days to develop and implement an IEP.[6] Thus, Bella again faced months without special education instruction and the resulting educational harm. The District's on-going violations were accumulating. A district's failure to have programming in place at the beginning of the school year is a violation under the Act.[7]

On the 21st of August 2012, Plaintiffs filed a second Complaint and Request for Administrative Hearing. *Complaint* at. 11, ¶ 34. The second Complaint raised the claims related to the failure to comply with the MDE corrective action and to timely identify, evaluate and provide special education programming for Bella.[8] Once again, the same ALJ dismissed Plaintiffs' request on the following basis:

> there can be no showing of a denial of FAPE when a district is not afforded sufficient opportunity to formulate or revise an interim IEP. If the District is (sic) "is denied an opportunity to formulate a plan to meet [the Student's] needs, it cannot be shown that it had an inadequate [IEP] plan under the IDEA. The District must be provided an opportunity to modify an IEP to meet the Student's needs for the school year.

See *Administrative Law Judge Order for Dismissal No. 2*, (MDE File No. 12-038H; OAH File No. 16-1300-22881-9, ("Decision II")[Doc. 30, Ex. 5]. The ALJ relied upon case law from the Eighth Circuit that has no authority in statute and violates the Plaintiffs' right to a hearing.

Plaintiffs timely appealed both decisions. The appeal of Complaint I was assigned the Civil File No. 12-2398 (MJD/LIB). Complaint II was assigned Civil File No. 12-2997 (MJD/LIB). Plaintiffs moved to amend Complaint I to join MDE as a party and to add the

---

[4] 20 U.S.C. § 1414(a)(1)(C); 34 C.F.R. § 300.323.
[5] *Id.*; 34 C.F.R. § 300.323(c)(1).
[6] *Id.*; 34 C.F.R. § 300.301(c)(1).
[7] 20 U.S.C. § 1414(d)(2)(A)ó(C); 34 C.F.R. § 300.323.
[8] Complaint and Request for Administrative Hearing II

claims associated with the MDE. The motion to amend was denied as untimely as the Magistrate incorrectly imposed the 90 day appeal deadline on stand-alone claims against the MDE. The MDE cannot be and was not a party in the administrative hearings.

The MDE was named as a party in Civil File No. 12-2997 and specific, stand-alone claims against the MDE were raised in Plaintiffs' Complaint. Those claims were as follows: 1) a pattern and practice of the MDE violating its obligations under the IDEA by denying eligible students an impartial hearing through its contracted agents, the OAH; 2) violations under the equal protection and due process clauses of the Fourteenth Amendment as a result of the federal statutory deprivations; and 3) Section 1983 claims.

**ARGUMENT AND AUTHORITY**

The single legal issue before the Magistrate through the Motion for Declaratory Judgment was MDE's statutory obligation to ensure Plaintiffs right to an impartial hearing under the Act. The Plaintiffs properly pled and argued that: 1) the MDE is the responsible agency for ensuring impartial hearings; 2) the MDE cannot contract its obligation away; 3) the MDE has a pattern and practice, through its contracted administrative law judges, of denying a class of eligible students with access to impartial hearings; and 4) those denials are violations under the Act as well as violations under the procedural due process and equal protection clauses of the Fourteenth Amendment.

The Act says that the "establish[ment]" of "procedures" is the responsibility of the "State" and its agencies. § 1415(a). It adds that an administrative hearing, is to be conducted by the "State" or "local educational agency." 20 U.S.C. § 1415(f)(1)(A). And the statute, taken as a whole, requires state implementation of federal standards. § 1412(a); *Cedar Rapids Community School Dist. v. Garret F.,* 526 U.S. 66, 68, 119 S.Ct. 992 (1999); *Board of Ed. of Hendrick*

5

*Hudson Central School Dist., Westchester Cty. v. Rowley,* 458 U.S. 176, 208, 102 S.Ct. 3034 (1982).

Congress recognized that school districts alone could not guarantee that children with disabilities would receive an effective education. 20 U.S.C. § 1400(c)(5)(B). By vesting certain powers and rights in parents, Congress' goal was to balance the scales in the sometimes adversarial relationship between parents and school districts.

The Report completely rejected the Plaintiffs' arguments that the MDE has unequivocal statutory obligations to provide impartial hearings under the Act.

In rejecting Plaintiffs arguments, the Magistrate construed all facts in a light most favourable to the MDE Defendants by blandly reciting some and disregarding others, ignored claims that were properly pled, and misapplied the law.

**I.    THE MDE IS STATUTORILY MANDATED TO PROVIDE ALL ELIGIBLE STUDENTS ACCESS TO AN IMPARTIAL HEARING.**

The Magistrate erred when he concluded the Plaintiffs fail "to clearly state which claims are asserted against which Defendant. . ." *Report* at 15. The Complaint specifically sets forth the facts alleged against the MDE and its agents, the OAH. *Complaint* at 13-15, ¶¶ 40-47. The facts are directly tied to the Fourteenth Amendment claims against the MDE. *Complaint* at 18, ¶¶ 69-73. The arguments in support of these claims are clearly laid out in Plaintiffs' motion for declaratory judgment. *Memorandum in Support of Declaratory Judgment*, Section I - III. The errors begin with the Magistrate's conclusion that the MDE cannot be a party to a civil cause of action (*Report* at 15) and that the MDE cannot be sued under Section 1983. *Report* at 16-17. The error is perpetuated by the conclusion that Plaintiffs' claims against the MDE Defendants are limited to the underlying administrative decisions. *Report* at 15. Finally, the Magistrate erred by concluding that the deprivation of the right to a hearing under the *Thompson* case law was not

raised in the Complaint assigned the Civil File No. 12-2997. Compare *Report* at 10 and *Complaint* at 13-14, ¶¶ 40-47.

Plaintiffs pled that through its pattern and practice of denying access to an impartial hearing for similarly situated disabled students, the MDE and its contracted agents, was violating the Equal Protection and Due Process Clauses of the Fourteenth Amendment.

The Individuals with Disabilities Act ("Act") is a federal funding, civil rights statute intended to remedy a history of separation, exploitation and even genocide.[9] State eligibility to receive funding under the Act is premised upon a state's compliance with the Act:

> A State is eligible for assistance under Part B of the Act for a fiscal year if the State submits a plan that provides assurances to the Secretary that the State has in effect policies and procedures to ensure that the State meets the conditions in §§ 300.101 through 300.176.

20 U.S.C. § 1412(a); 34 C.F.R. § 300.100.

The federal statute and regulations unequivocally place the responsibility for ensuring compliance with the Act upon the state education agency ("SEA"), in this case, the MDE:

> (a) The SEA is responsible for ensuringô
> (1) That the requirements of this part [Part B] are carried out;

20 U.S.C. §1412(a)(110; 34 C.F.R. § 300.149. Inclusive of those affirmative obligations are the due process procedural safeguards mandated for eligible children under the Act:

> Each SEA *must ensure* that each public agency establishes, maintains, and implements procedural safeguards that meet the requirements of §§ 300.500 through 300.536.

20 U.S.C. 1415(a); 34 C.F.R. § 300.500(emphasis added). Foremost among the enumerated procedural safeguards is the right to an impartial hearing and all of the attendant due process protections. 20 U.S.C. 1415(a); 34 C.F.R. § 300.511.

---

[9] Margaret A. Winzer, *The History of Special Education: From Isolation to Integration* 8 (1993).

The United State Supreme Court acknowledged the MDE's responsibility by finding that the Act "leaves to the States the primary responsibility for developing and executing educational programs for handicapped children, [but] imposes significant requirements to be followed in the discharge of that responsibility." *Board of Ed. of Hendrick Hudson Central School Dist., Westchester Cty. v. Rowley,* 458 U.S. 176, 183, 102 S.Ct. 3034 (1982).

### A. MDE CANNOT AVOID THE ACT'S *SIGNIFICANT REQUIREMENTS* BY CONTRACTING AWAY ITS STATUTORY OBLIGATIONS.

The novel issue before the Court is whether the MDE is mandated to act to ensure the right to an impartial hearing under the Act is provided even through its contracted agents. Plaintiffs seek to redress the deprivation of their right to an impartial hearing based on violations under the Act reinforced and affirmed by not only by the OAH but also the federal courts. The MDE incorrectly asserts that this issue can be resolved through judicial review, the highest court in the circuit continues to endorse the statutory deprivation. The Plaintiffs assert that the MDE must be compelled to act to correct this deprivation.

In *Blum v. Yaretsky*, 102 S.Ct. 2777, 457 U.S. 991 (1982), The United States Supreme Court examined an issue analogous to the present case when it considered the conduct of private actors attributable to state officials in the enforcement of state Medicaid laws and regulations. *Id.* at 2785. The Court analyzed whether the constitutional claims invoked were attributable to the State for the specific conduct of which the plaintiffs complain. *Id.* Second, the Court examined whether the State actor "provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* (citations omitted). The third and final inquiry by the Court was whether the actions of the private actor were "traditionally the exclusive prerogative of the State." *Id.* (citation omitted).

In the instant case, the MDE is the responsible agency for ensuring access to administrative hearings. While MDE did not overtly encourage the OAH decisions, its modification of the Notice of Procedural Safeguards to include the loss of a right to a hearing under the Act,[10] is tacit approval of the deprivation, giving it force and effect. Finally, the statutory obligation to provide impartial hearings is "exclusive prerogative" of the MDE. Given the mandatory language of the Act, it cannot be argued that the actions of MDE in conjunction with its agents, OAH, are discretionary in nature and therefore immune from liability.[11] *See generally United States v. Gaubert,* 499 U.S. 315, 111 S.Ct. 1267 (1991); *Berkovitz v. United States,* 486 U.S. 531, 108 S.Ct. 1954 (1988).

### B. EQUAL PROTECTION AND PROCEDURAL DUE PROCESS VIOLATIONS UNDER THE FOURTEENTH AMENDMENT ARE COGNIZABLE CLAIMS AGAINST THE MDE.

The Magistrate erred by concluding that the MDE could not be sued under Section 1983 and the Fourteenth Amendment. While, a state agency and a state official sued in his or her official capacity for damages is not a õpersonö within the meaning of section 1983, *Will,* 491 U.S. at 71, 109 S.Ct. at 2312 õ[a] state agent, however, may be sued in his official capacity if the plaintiff merely seeks injunctive or prospective relief for a legally cognizable claim.ö *Nix v. Norman,* 879 F.2d 429, 432 (8th Cir.1989).[12]

Plaintiffs raised claims against the MDE for violations of their right to an impartial administrative hearing as mandated under the Act. The Plaintiffs requested a declaration that the denial of the hearing violates Plaintiffs' right and a remand back for an impartial hearing on the

---

[10] *Complaint* at p. 14, ¶ 46.
[11] õThe inquiry boils down to whether the government conduct is the subject of any mandatory federal statute, regulation or policy prescribing a specific course of action.ö *Baum v. United States,* 986 F.2d 716, 720 (4th Cir.1993).

[12] The Eighth Circuit Court of Appeals in *Bradley v. Arkansas Dept. of Educ.*, 189 F.3d 745, 750 (8th Cir. 1999) concluded that it was Congress' unequivocal intent to abrogate states' immunity under the IDEA.

merits. Alternatively, if no hearing is provided, the futility exception attaches and the merits of the Plaintiffs' claims may proceed in district court.

## II. PLAINTIFFS PROPERLY PLED A SYSTEMIC COMPLAINT AGAINST THE MINNESOTA DEPARTMENT OF EDUCATION.

The claims against the MDE as set forth in the Complaint, pleadings and oral argument were that the MDE is the state education agency responsible for ensuring that all eligible disabled children are provided with an impartial due process hearing under the Act. Plaintiffs alleged in the Complaint, pleadings and oral argument that the denial of an impartial hearings is system-wide within Minnesota, and that the responsibility is statutorily assigned to the MDE.

The Magistrate correctly concluded that:

> [S]tate education agencies may be responsible for violations of the IDEA when the state agency in some way fails to comply with its duty to assure the IDEA's substantive requirements are being implemented.

*Report* at 18 (citing *Pachl v. Seagren*, 453 F.3d 1064, 1070 (8th Cir. 2006). The right of a student eligible under the Act to an impartial hearing is a basic procedural right under the Act.

The agency responsible for ensuring this basic right is provided, as argued by the Plaintiffs, is the MDE. The MDE may not, by omission or commission, deny that right to students who are eligible under the Act. Nor may the MDE contract that obligation away by tacitly permitting flawed administrative decisions that perpetuate the deprivation.

The Magistrate recast the Plaintiffs' legal claims as appeals of the ALJ's decision rather than the Plaintiffs' direct challenge to the MDE's pattern and practice of denying eligible students impartial hearings.

**III.  THE 90 DAY APPEAL TIMELINE IS NOT APPLICABLE TO THE MDE DEFENDANTS.**

The Magistrate incorrectly applied the 90 day appeal deadline for the administrative decisions to the MDE Defendants.  The systemic violations under the Act against the MDE are entirely separate from the appeal of the administrative decisions.  As the Magistrate correctly pointed out:

> [i]t is well established that State educational agencies are not proper parties to claims challenging special education due process decisions' and because '[t]he judicial review process is capable of correction any legal mistakes without participation of the State Education Department as a party.'

*Report* at 15.  What the Report neglects to mention are the Plaintiffs' claims, in addition to appealing the administrative decisions, alleging systemic violations against the MDE for denying of impartial hearings to eligible students under the Act.

**VI.  THE MAGISTRATE ERRED BY CONCLUDING THAT A MOTION FOR DECLARATORY JUDGMENT WAS NOT A PROPER PROCEDURE FOR RELIEF.**

Under the Federal Declaratory Judgment Act, a district court "may declare the rights and other legal relations of any interested party seeking such declaration." 528 U.S.C. § 2201(a) (2005). The district court, however, is not compelled to exercise that jurisdiction. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287, 115 S.Ct. 2137 (1995). In fact, the Supreme Court has repeatedly characterized the Declaratory Judgment Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Pub. Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236 (1952); *Green v. Mansour,* 474 U.S. 64, 72, 106 S.Ct. 423 (1985).

In this case, the Plaintiffs sought declaratory judgment on the undisputed facts that the MDE through its contracted agents, OAH, denied Plaintiffs' their statutory right to an impartial hearing under the Act.

**CONCLUSION**

Plaintiffs respectfully request that the Court reverse the Report and Recommendation and find that the MDE are a proper party to this action, that the claims raised are actionable against the MDE and declare that the denial of impartial hearings to the Plaintiffs violates their rights under the Act, and the Equal Protection and Due Process Clauses under the Fourteenth Amendment.

**KANE EDUCATION LAW, LLC.**

Date: 8 July 2013

/s/ Margaret O'Sullivan Kane
Margaret O'Sullivan Kane/ID # 220243
1032 Grand Avenue
Suite 202
Saint Paul, Minnesota 55105
Telephone: 651/222-8611
Facsimile: 651/221-2623
mkane@kaneeducationlaw.com

**ATTORNEYS FOR PLAINTIFFS**